**Maria Esperanza ALVAREZ AGUIRRE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–70604.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 20, 2009.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jorge Ivan Rodriguez–Choi, Esquire, Law Offices of Jorge Rodriguez–Choi, San Francisco, CA, for Petitioner.

Andrew B. Insenga, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Maria Esperanza Alvarez Aguirre, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Canales–Vargas v. Gonzales*, 441 F.3d 739, 742 (9th Cir.2006), and we deny the petition for review.

 Substantial evidence supports the agency's conclusion that the guerilla's threats and intimidation aimed at Alvarez Aguirre's family members and the disappearance of her brother do not rise to the level of past persecution. *See id.* at 743–744 (finding no past persecution based on written and telephone threats that were never carried out). Substantial evidence also supports the conclusion that even if the harm Alvarez Aguirre suffered amounted to past persecution, the government rebutted the presumption of a well-founded fear in based on the 1996 Guatemalan Peace Accords. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003) (the government successfully rebutted a presumption of well-founded fear based on the passage of the 1996 Peace Accords that ended the Guatemalan civil war). Accordingly, Alvarez Aguirre's asylum application fails.

Because Alvarez Aguirre has not met the standard for asylum, she necessarily has not met the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the agency's conclusion that Alvarez Aguirre is ineligible for CAT relief. *See Singh v.*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.